IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Mobile-Shop Company, LLC | § |
| | § |
| Plaintiff, | § |
| | §   Civil Action No.: |
| v. | § |
| | § |
| | § |
| Flexcart, LLC | § |
| | § |
| Defendant. | § |

## COMPLAINT

Plaintiff, Mobile-Shop Company, LLC ("Mobile-Shop" or "Plaintiff"), by and through its undersigned attorneys, brings this Complaint for infringement of U.S. Patent Numbers 7,210,689 (hereinafter "the '689 patent", Exhibit A), 7,328,905 (hereinafter "the '905 patent", Exhibit B), and 6,945,546 (hereafter "the '546 patent", Exhibit C) seeking damages and injunctive relief arising under 35 U.S.C. § 1 et seq. against Defendant Flexcart, LLC (hereinafter "Flexcart") alleging as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with a principle place of business at 30 Temple Street, Suite 400, Nashua, New Hampshire 03060 and headquartered at 5089 Westerville Road, Columbus, Ohio 43231. Mobile-Shop is the owner of the '689 patent, the '905 patent, and the '546 patent.

2. Upon information and belief, Defendant is a limited liability company and existing under the laws of Ohio, with its principal place of business located at 5868 Kitzmiller

Road, New Albany, OH 43054.  Upon information and belief, Flexcart engages in business in New Hampshire, but does not maintain a regular place of business in New Hampshire.

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§271, 281, 283, 284, and 285.  Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338.

4.  This is an action for infringement of United States patents.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. §§ 1331, and 1338(a).

5.  This court has diversity jurisdiction over this action under 28 U.S.C. §1332 since the Plaintiff (New Hampshire) and the Defendant (Ohio) reside in different states.

6.  Upon information and belief, the Defendant has established minimum contacts with New Hampshire such that this venue is a fair and reasonable one.  The Defendant has committed such purposeful acts and/or transactions in New Hampshire that it reasonably knew and/or expected that it could be hauled into this court as a future consequence of such activity.

7.  Plaintiff has a principle place of business in New Hampshire, and sells product from this location.

8.  Defendant's conduct and connection with New Hampshire are such that it should reasonably anticipate being hauled into court in New Hampshire.  Flexcart advertises its products for sale through Web sites.  One example of such a Web site is made available through the URL www.thebettercart.com, which advertises products sold by Flexcart and allows potential purchasers to view Flexcart products for purchasing.  Contact information is provided on the Web site for contacting Flexcart and purchasing the products.  In addition, on information and belief, Flexcart sells its products to national and international hotel chains having presence in

New Hampshire. Further, Flexcart sells its products through Grainger (www.grainger.com) and through HD Supply Maintenance Solutions (www.hdsupplysolutions.com).

9. Venue is proper in this Court under 28 U.S.C. §§ 1391.

## PATENTS-IN-SUIT

10. On May 1, 2007, the '689 patent was duly and legally issued for a "Tool Organizer." A true and correct copy of the '689 patent is attached hereto as Exhibit "A" and made a part hereof.

11. On February 12, 2008, the '905 patent was duly and legally issued for a "Tool Organizer." A true and correct copy of the '905 patent is attached hereto as Exhibit "B" and made a part hereof.

12. On September 20, 2005, the '546 patent was duly and legally issued for a "Tool Organizer." A true and correct copy of the '546 patent is attached hereto as Exhibit "C" and made a part hereof.

13. The '689 patent, the '905 patent, and the '546 patent are hereinafter referred to collectively as the "Mobile-Shop Patents-in-Suit."

## COUNT I

**(Patent Infringement - Flexcart)**

14. Paragraphs 1 through 13 are incorporated by reference as if stated fully herein.

15. Mobile-Shop is the owner of the Mobile-Shop Patents-in-Suit with the exclusive right to enforce the Mobile-Shop Patents-in-Suit against infringers, and collect damages for all relevant infringing actions, including the right to prosecute this action.

16.     Upon information and belief, Flexcart manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products that infringe one or more claims of the Mobile-Shop Patents-in-Suit, thereby directly infringing on the Mobile-Shop Patents-in-Suit in violation of 35 U.S.C. § 271(a).  By way of example only, the Flexcart product, named by Flexcart as the FlexCart Hotel and Facilities Engineering Cart, an example of which is attached hereto as Exhibit D, infringes one or more claims of the Mobile-Shop Patents-in-Suit. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Flexcart.

17.     Flexcart's infringement of the Mobile-Shop Patents-in-Suit has been and continues to be willful and deliberate.  Mr. Guirlinger was the founder of Mobile-Shop and is the original inventor of the Mobile-Shop Patents-in-Suit.  As such, Mr. Guirlinger has known about the Mobile-Shop Patents-in-Suit at least as early as the filing dates of the Mobile-Shop Patents-in-Suit.  Since Mr. Guirlinger is the President, founder, and owner of Flexcart, Flexcart has known about the Mobile-Shop Patents-in-Suit at least as early as formation of Flexcart, which, upon information and belief, was May 2012.  Even so, Flexcart developed products that infringed on the Mobile-Shop Patents-in-Suit, and sells or offers for sale those products in the United States.

18.     Mobile-Shop has marked its products in compliance with 35 U.S.C. §287.

19.     As a direct and proximate consequence of Flexcart's infringement, Mobile-Shop has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

20. Mobile-Shop has been damaged as a result of Flexcart's infringing conduct. Flexcart is, thus, liable to Mobile-Shop in an amount that adequately compensates it for Flexcart's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

## PRAYER FOR RELIEF

Mobile-Shop respectfully requests that the Court:

A. Grant Mobile-Shop a judgment that one or more of the Mobile-Shop Patents-in-Suit have been infringed, either literally and/or under the Doctrine of Equivalents, by the Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. Grant Mobile-Shop a judgment that Defendant accounts for and pays Mobile-Shop all damages to and costs incurred by Mobile-Shop because of Defendant's infringing activities and other conduct complained of herein;

C. Grant that damages associated with Defendant's infringing activities be trebled where allowed by law as a result of Defendant's actions complained of herein;

D. Grant that Defendant, its officers, agents, servants, and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Mobile-Shop Patents-in-Suit.  In the alternative, if the Court finds that an injunction is not warranted, Mobile-Shop requests an award of post-judgment royalty to compensate for future infringement;

E.  Grant that Mobile-Shop be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringing activities and other conduct complained of herein;

F.  Enter an order declaring this an exceptional case pursuant to 35 U.S.C. §285, and awarding Mobile-Shop its attorney fees, costs, and expenses; and

G.  Grant to Mobile-Shop such other and further relief as the Court may consider to be just and appropriate.

        Respectfully submitted,

        MOBILE-SHOP COMPANY, LLC.

        By its Attorneys:

        SHEEHAN PHINNEY BASS + GREEN, PA

Dated: September 5, 2014        By: /s/Robert R. Lucic
        Robert R. Lucic, NH Bar #9062
        Peter A. Nieves, NH Bar #15805
        1000 Elm Street
        PO Box 3701
        Manchester, NH 03105-3701
        (603) 627-8188